**STEVEN D. BAUER**
Attorney at Law - SBN 50084
428 J Street - Suite 350
Sacramento, California 95814
Telephone: (916) 447-8262
E-mail: baueresq@sbcglobal.net

Attorney for Defendant: **JOHN KRIVOKAPICH**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Crim. S-09-0160KJM |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER CONCERNING DIGITAL MEDIA CONTAINING CHILD PORNOGRAPHY** |
| **JOHN KRIVOKAPICH**, | |
| Defendant, | |

**ORDER**

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. The federal Bureau of Investigation shall make a duplicate copy of the hard drives and any other storage media available for defense analysis.

2. The duplicate copies of the hard drive and storage media shall be made available for defense counsel, Steven D. Bauer, and defendant's proposed expert, Marcus Lawson or a colleague at the same employer, Global CompuSearch Computer Forensics, to review at the High Tech Task Force Offices in Sacramento, California for the purpose of preparing for the defense of the above-entitled action. The images on the hard drive and storage media shall not be viewed by any other person unless one of the aforementioned members of the defense team is present and the viewing is necessary to prepare for defendant's defense.

3. A room or private area will be provided for the defense examination. If security needs dictate, Government agents nay be present inside the room or private area during the examination;

however, the agents will not be permitted to view the forensic examination being conducted by any member of the defense team.

    4.    The expert will be permitted to bring whatever equipment, books, or records he believes may be necessary to conduct the examination;

    5.    Neither the defense expert nor defense attorney shall remove the hard drives or other storage media from the confines of the law enforcement office.

    6.    With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the expert may download and remove files or portions of files, provided the forensic integrity of the hard drive is not altered.  The expert will certify in writing (using the attached certification), that he has taken no materials which would be considered child pornography, or data capable of being converted into child pornography, (under federal law) and that he has not caused any child pornography to be sent from the law enforcement premises by any means including by any electronic transfer of files.

    7.    Except when a defense expert fails to provide this certification, no Government agent, or any person connected with the Government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analysis.  Should a defense expert fail to certify that the expert has not copied or removed child pornography, or data capable of being converted into child pornography, Government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

    8.    When the defense indicates that it is finished with its review of the copy of the hard drives, the drive(s) or other storage devices shall be "wiped" clean.

    9.    Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED:

Dated: February 1, 2011.

                                                  UNITED STATES DISTRICT JUDGE